IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARSHALL AUSTIN,                )
                                )
            Petitioner,          )
                                )       1:08CV800
        v.                       )       1:08CV861
                                )
ALVIN W. KELLER,[1]              )
                                )
            Respondent.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 2006, in the Superior Court of Guilford County, Petitioner was found guilty of assault with a deadly weapon inflicting serious injury in case 05CRS078628. Petitioner then pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), to having attained the status of a habitual felon in case 05CRS023248. Under his plea bargain, he waived his right to appeal the assault conviction and was sentenced to 116 to 149 months of imprisonment. In return, the State dismissed a violent habitual felon charge that would have carried a life sentence.

Petitioner did not file a direct appeal, but did submit a motion to dismiss for ineffective assistance of counsel to the Guilford County Superior Court. This was construed as a motion for

---

[1] Petitioner originally named Theodis Beck as the Respondent in this case. At that time, Beck was the Secretary of the North Carolina Department of Correction. However, he has since retired and has been replaced by Alvin W. Keller, Jr. Keller is substituted as the Respondent in this case pursuant to Fed. R. Civ P. 25(d).

appropriate relief and denied on its merits.  After unsuccessful attempts at receiving certiorari relief from the North Carolina Court of Appeals and North Carolina Supreme Court, Petitioner filed his petition in this Court.[2]  Respondent has now moved for summary judgment.

## Claims in Petition

Petitioner raises three possible claims for relief in his petition.  He first alleges that his habitual felon conviction is invalid because the prior felony convictions used to support it are defective in various ways.  Next, he claims that he received ineffective assistance of counsel because his attorney only wanted a plea bargain from the beginning and threatened Petitioner in order to get him to plead guilty.  Finally, Petitioner's third claim states, "No DNA, No Weapon."  The facts supporting it read in their entirety, "There was no weapon and no DNA test on the concrect [sic]."  (Docket No. 2 at 9.)

## Discussion

### Claim One

Petitioner's first claim is that there were problems with the prior offenses used to support his habitual felon conviction.  He claims that one prior charge has "no file found in this case," that

---

[2]Petitioner originally filed a petition that was docketed in case 1:08CV800.  That petition was deemed to be deficient but, because it appeared that Petitioner was nearing the time limit for filing his petition, he was given time to file an amended petition.  When the amended petition was submitted, it was opened as case 1:08CV861.  These cases are now consolidated, but with 1:08CV861 being the lead case.  Because the petition in 1:08CV861 is the only non-deficient petition before the Court, case 1:08CV800 should be closed.  Only the claims in the petition in case 1:08CV861 will be considered and all citations are to the record in that case.

another charge was dismissed, and that the third charge was actually a misdemeanor. (Docket No. 2 at 5.) This claim fails for multiple reasons, with the main one being that Petitioner never raised this claim in the state courts. His motion for appropriate relief and petitions for certiorari make no mention of this claim.

In order to receive habeas relief on any claim, a petitioner must first exhaust his state court remedies on that claim. 28 U.S.C. § 2254(b)(1)(A). Moreover, failure to exhaust state law remedies will result in the claims being procedurally barred from federal review if, upon return to the state courts, those courts would find that the claims are procedurally barred. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)(citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). North Carolina General Statute § 15A-1419 imposes just such a mandatory procedural bar for claims that could have been presented on appeal or in a prior motion for appropriate relief. Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, Petitioner did not raise his first claim in the state courts and would be barred from doing so if he returned to exhaust it. Therefore, his claim is unexhausted and barred from review in this Court.

A petitioner can avoid the application of the procedural bar if he can demonstrate either cause and prejudice or that a miscarriage of justice will occur if his claim is not heard. McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)(citing Coleman, 501 U.S. at 750). Petitioner has not even made an argument in favor of cause, prejudice, or miscarriage of justice. Nor are any

grounds for not applying the procedural bar apparent in the record. Therefore, Petitioner's first claim is procedurally barred from habeas review. It should be denied.

## Claim Two

Petitioner's second claim for relief is that he received ineffective assistance of counsel because his attorney threatened him in order to get him to plead guilty. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985). "When a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong

presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." <u>United States v. Custis</u>, 988 F.2d 1355, 1363 (4th Cir. 1993)(citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." <u>United States v. Wilson</u>, 81 F.3d 1300, 1308 (4th Cir. 1996)(citations and internal quotation marks omitted).

Further, Petitioner did present his claim of ineffective assistance of counsel to the state courts in his motion for appropriate relief. That claim was decided against him on the merits. Therefore, the Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to petitioner's claims. That statute states that habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000). A state decision

-5-

Case 1:08-cv-00861-TDS-DPD   Document 12   Filed 06/05/09   Page 5 of 9

"involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-411. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In denying Petitioner's motion for appropriate relief, the state trial court examined the record regarding Petitioner's guilty plea when it denied his motion for appropriate relief. Petitioner pled guilty to being a habitual felon in order to avoid the more serious charge of being a violent habitual felon. That charge would have carried a mandatory sentence of life in prison without the possibility of parole. N.C. Gen. Stat. § 14-7.12. In accepting the plea, the trial judge found that there was a factual basis for the plea, that Petitioner was satisfied with his attorney, that Petitioner was competent, that the plea was an informed choice, and that Petitioner made that choice "freely, voluntarily and understandingly." (Docket No. 6, Ex. 5 at 1.) The order denying Petitioner's motion for appropriate relief further noted that all of these findings were supported by Petitioner's statements under oath. Accordingly, it rejected his claim.

Petitioner now gives no reason why the sworn statements noted in the denial of his motion for appropriate relief should be disregarded. His claim is almost entirely conclusory. He also has not explained why there was ever a reasonable probability that he would not have pled guilty to the habitual felon indictment. Petitioner had already been convicted of assault with a deadly weapon inflicting serious injury. A further conviction of being a violent habitual felon would have meant a sentence of life in prison without parole. Petitioner has presented no evidence that he could have successfully fought this charge. Instead of attempting to do so, he accepted the offer to plead to being a habitual felon and receive a sentence of less than ten years. He has not shown why he or any reasonable person would have done otherwise. The state court's denial of his claim is in no way contrary to or an unreasonable interpretation of Supreme Court precedent. Petitioner's second claim for relief should be denied.

### Claim Three

Petitioner's final claim is that there was "no weapon" and that there was no "DNA test on the concrect [sic]." (Docket No. 2 at 9.) This claim is so short and so conclusory that it is difficult to even decipher its meaning. It should be denied for this reason alone. Portions of Petitioner's response brief suggest that it may be an insufficiency of the evidence or actual innocence claim related to his assault conviction. (Docket No. 10.) If so, it also fails.

In a habeas corpus action, the standard of review for a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in the original). Petitioner challenges the existence of a weapon and the involvement of concrete in his crime. He does not cite to the state court record on these points. However, even in his response brief, Petitioner admits getting into a verbal, and then physical, altercation with the victim. He also admits to twice attempting to swing his knife at the victim and to throwing a sharp piece of concrete at him. The concrete did hit the victim. (Docket No. 10 at 5-6.) Obviously, there were weapons involved in the altercation. As for DNA testing on the concrete, it is not at all clear what this would have accomplished. Petitioner admits to throwing the concrete and hitting the victim.

Petitioner's response brief really appears to be an attempt to relitigate his case and to claim that he was attacked by the victim so that all of his actions were undertaken in self-defense. Petitioner apparently did not prove this at trial. A habeas corpus petition in this Court is not a proper vehicle to relitigate his state court criminal action. His claims point to no federal claim which would entitle him to relief. Petitioner's third claim for relief should be denied.[3]

---

[3]It appears that Petitioner did briefly raise this claim, or at least some form of it, in his motion for appropriate relief. However, the state court did
(continued...)

**IT IS THEREFORE RECOMMENDED** that 1:08CV800 be closed for the reasons set out in footnote one in the body of this Recommendation.

**IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be granted, that the petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

                                              /s/ Donald P. Dietrich
                                               **Donald P. Dietrich**
                                      **United States Magistrate Judge**

June 5, 2009

---

[3](...continued)
not address it in denying the motion. It may not have recognized the claim, likely due to the rambling nature of the motion for appropriate relief. The deferential AEDPA standards likely do not apply to this claim, but it fails whatever the standard of review.